IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOSHUA DORTCH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:17CV377 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA POLICE DEPARTMENT, DOUGLAS COUNTY SHERIFF, BIVENS, and UNKNOWN JOHN DOE POLICE OFFICERS, | ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on September 10, 2017. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that on August 18, 2017, the "police defendants" illegally seized $5,512.00 from him at Reinhart Food in Omaha, Nebraska, without a hearing. He alleges that the police continue to hold his money "on pretext of some Nebulous investigation of some unspecified Crime," thereby violating his rights under the Fourth Amendment, as well as his rights to due process and equal protection.

## II. STANDARDS ON INITIAL REVIEW

In reviewing an in forma pauperis complaint to determine whether summary dismissal is appropriate, the court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be

granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here seeks to allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Capacity**

Because Plaintiff's Complaint does not specify whether he is suing Defendants in their official or individual capacities, this court presumes they are sued in their official capacities only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings,

otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official—in this case, the City of Omaha and Douglas County. See [Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)](#) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (internal citations omitted)). These city and county entities can only be liable under § 1983 if a municipal policy or custom caused Plaintiff to be deprived of a federal right or if the municipality failed to adequately train its employees. [Snider v. City of Cape Girardeau, 752 F.3d 1149, 1160 (8th Cir. 2014)](#) (citing [City of Canton v. Harris, 489 U.S. 378, 385 (1989)](#); [Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)](#)). Plaintiff has not made any allegations supporting a policy, custom, or failure-to-train claim.

**B. Fourth Amendment**

The Fourth Amendment, applicable to the states through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." Thus, the Fourth Amendment prohibits unreasonable seizures by governmental officials. "The reasonableness requirement necessarily requires a balancing of the competing interests, which in turn requires a consideration of the interests at stake." [PPS, Inc. v. Faulkner Cty., Ark., 630 F.3d 1098, 1103 (8th Cir. 2011)](#).

In the case of an alleged unreasonable seizure, "an individual's possessory rights in its property . . . are balanced against the government's interest in effective law enforcement." [Id](#). Presuming one has a possessory interest in property seized without a warrant, such seizure will violate the Fourth Amendment "unless the seizure was

3

supported by one of what are commonly referred to as the warrant exceptions, including *inter alia* the plain view doctrine, consent, and exigent circumstances." *Id.* at 1102.

Here, Plaintiff makes no factual allegations regarding the nature of his interest in the seized money, whether the police officers had a warrant for the money, and the circumstances surrounding the seizure. While the court is bound to liberally construe pro se pleadings, a pro se complaint must allege facts sufficient to support the claims asserted. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Here, Plaintiff has not done so.

## C. Procedural Due Process

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. In the criminal-investigation context, "[i]t is axiomatic that an individual is not entitled to a predeprivation hearing before an officer may seize property pursuant to a valid search warrant. The same is true if one of the warrant exceptions allows an officer to seize property without a warrant." *PPS, Inc.*, 630 F.3d at 1107. In other words, compliance with the Fourth Amendment in a criminal investigatory seizure also satisfies pre-deprivation procedural due process. *Id*.

Because Plaintiff does not allege facts sufficient to assert a Fourth Amendment unreasonable-seizure claim, he also fails to allege a procedural due process claim in connection with the seizure.

## D. Equal Protection

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). "Dissimilar treatment of dissimilarly situated persons does not violate equal protection."

4

*Klinger*, 31 F.3d at 731 (citation omitted). "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that []he was treated differently than others who were similarly situated to [him]. Absent a threshold showing that []he is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id*. (citations omitted).

Here, Plaintiff fails to allege facts indicating that others who were similarly situated to him were treated more favorably. Without such allegations, Plaintiff cannot state an equal-protection claim.

## IV. AMENDMENT OF COMPLAINT

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by December 1, 2017, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: December 1, 2017—check for amended complaint.

DATED this 30th day of October, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge