IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOSHUA DORTCH, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | 8:17CV377 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA; OFFICER SHADA, J #1358; OFFICER TURNER, J #1961; and OFFICER WORLEY, L #1478, all in their individual and official capacities, | ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Pursuant to the court's prior Memorandum and Order (Filing No. 6), Plaintiff has filed an Amended Complaint (Filing No. 7) in which he drops and adds Defendants, specifies that he sues Defendants in their official and individual capacities, and more fully describes the factual scenario surrounding Defendants' allegedly unlawful seizure of $5,512.00 from Plaintiff.

    Plaintiff alleges that three City of Omaha police officers seized $5,512.00 from him as he was leaving Reinhart Food in Omaha, Nebraska, after his 10-hour work shift. Defendants allegedly seized the money from Plaintiff without a warrant or other court order, with guns drawn, and without a hearing. The officers allegedly shouted, "'don[']t move,' There-upon, did seize us bodily shackling-Manacling us and putting us in Cruiser while they Illegally searched our vehicle and seized" the money. (Filing No. 7 at CM/ECF pp. 2-3.) Defendants allegedly ignored Plaintiff's demand to return the money, and instead continued to violate his constitutional rights. Plaintiff requests that the $5,512.00 be returned to him, as well as $10 million in damages.

Pursuant to the court's previous analysis of Plaintiff's claims on initial review (Filing No. 6), as applied to Plaintiff's Amended Complaint, the court concludes as follows:

1. Defendants City of Omaha and Officers Shada, Turner, and Worley in their official capacities are dismissed from this action for failure to state a claim upon which relief can be granted because Plaintiff has not alleged that a City of Omaha policy or custom caused him to be deprived of a federal right or the City of Omaha failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

2. Plaintiff's equal-protection claim against Defendant Officers Shada, Turner, and Worley in their individual capacities is dismissed for failure to state a claim upon which relief can be granted because Plaintiff has not alleged that others who were similarly situated to him were treated more favorably. *Klinger v. Dep't of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994).

3. Plaintiff's Fourth Amendment search-and-seizure claim may proceed against Defendant Officers Shada, Turner, and Worley in their individual capacities.

4. Plaintiff's Fourteenth Amendment pre-deprivation procedural-due-process claim may proceed against Defendant Officers Shada, Turner, and Worley in their individual capacities.[1]

Accordingly,

---

[1] Although the court finds that two of Plaintiff's claims may proceed against the Defendant officers in their individual capacities, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Amended Complaint and is not a determination of the merits of his claims or potential defenses thereto.

IT IS ORDERED:

1. The clerk of the court shall terminate the following Defendants as parties in this case because Plaintiff has not named them as Defendants in his Amended Complaint (Filing No. 7): City of Omaha Police Department, Douglas County Sheriff, Bivens, and Unknown John Doe Police Officers. The clerk of the court shall add to the case caption the Defendants named in Plaintiff's Amended Complaint (Filing No. 7): City of Omaha; Officer Shada, J #1358; Officer Turner, J #1961; and Officer Worley, L #1478, all in their individual and official capacities.

2. Defendants City of Omaha and Officers Shada, Turner, and Worley in their official capacities are dismissed from this action for failure to state a claim upon which relief can be granted.

3. Plaintiff's equal-protection claim against Defendant Officers Shada, Turner, and Worley in their individual capacities is dismissed for failure to state a claim upon which relief can be granted.

4. The following 42 U.S.C. § 1983 claims may proceed to service of process as against Defendant Officers Shada, Turner, and Worley in their individual capacities: (a) Plaintiff's Fourth Amendment search-and-seizure claim and (b) Plaintiff's Fourteenth Amendment pre-deprivation procedural-due-process claim.

5. The clerk of the court is directed to obtain the last-known address for Defendant City of Omaha Police Officers J. Shada #1358, J. Turner #1961, and L. Worley #1478 from the United States Marshals Service for service of process on these Defendants in their **individual** capacities. Once such addresses are obtained, the clerk of the court is directed to complete a summons form and a USM-285 form for such Defendants using the addresses provided by the Marshals Service and forward them together with a copy of the Complaint (Filing 1), the Amended Complaint (Filing 7), this court's previous Memorandum and Order on initial review (Filing 6), and a copy of this

3

Memorandum and Order to the Marshals Service for service of process on Defendant City of Omaha Police Officers J. Shada #1358, J. Turner #1961, and L. Worley #1478 in their individual capacities. **The Marshals Service shall serve Defendant City of Omaha Police Officers J. Shada #1358, J. Turner #1961, and L. Worley #1478 in their individual capacities using any of the following methods: personal, residence, certified mail, or designated delivery service.** *See* Federal Rule of Civil Procedure 4(e) (Westlaw 2017); Neb. Rev. Stat. §§ 25-508.01 (Westlaw 2017).

6.      The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[2]

7.      The clerk of the court is directed to file under seal any document containing the last-known personal addresses for the Defendants.

8.      Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

9.      The clerk of the court is directed to set the following pro se case management deadline: April 12, 2018: service of process to be completed.

10.     Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The clerk's office

---

[2]Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

    DATED this 12th day of December, 2017.

                                   BY THE COURT:
                                   s/ *Richard G. Kopf*
                                   Senior United States District Judge