# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA DORTCH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>OFFICER SHADA, J#1358, OFFICER TURNER, J#1961, and OFFICER WORLEY, L#1478,<br><br>　　　　　Defendants. | 8:17CV377<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss, ECF No. 27, filed by the Defendants, Officer Shada, Officer Turner, and Officer Worley. Also before the Court are the various motions filed by Plaintiff Joshua Dortch, ECF Nos. 18, 20, 23-6, and 31. For the reasons stated below, the foregoing motions will be denied.

## BACKGROUND

The following facts are those alleged in the Amended Complaint, ECF No. 7, which are assumed true for purposes of the Motion to Dismiss.

Dortch was leaving his place of employment, Reinhart Food in Omaha, Nebraska, when Defendants approached him and arrested him. The Amended Complaint did not state the date or reason for Dortch's arrest nor did it claim or allege he was arrested unlawfully. It simply alleged Defendants "did seize us bodily shackling – manacling us and putting us in cruiser while they illegally searched our vehicle and seized said our [$]5,512.00. We subsequently to [sic] police Defendants 'we need the [$]5,512.00 in middle console.'" Am. Comp., ECF No. 7, Page ID 20. Dortch filed this action, pro se, seeking the return of the $5,512.00 that was seized during his arrest and

$10 million in damages. Defendants have moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*,

799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555-56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

After an initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] the Court concluded that Dortch may proceed against Defendants in their individual capacities on two claims under 42 U.S.C. § 1983: (1) a "Fourth Amendment unreasonable search-and-seizure claim," and (2) a "Fourteenth Amendment pre-deprivation procedural-due-process claim." ECF No. 8, Page ID 28.

**I. Fourth Amendment**

Defendants argue Dortch's Fourth Amendment claim for an unreasonable search of his vehicle and seizure of his $5,512.00 must be dismissed because he voluntarily asked Defendants to retrieve the money from the center console of his vehicle after he

---

[1] For *in forma pauperis* cases, 28 U.S.C. § 1915(e)(2)(B) permits the Court to dismiss the case *sua sponte* "at any time" if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

was arrested.[2]  Thus, Defendants contend Dortch consented to the search and seizure. Based on the allegations in the Amended Complaint, however, Dortch did not consent to the search and seizure.

The Fourth Amendment, "by virtue of the Fourteenth Amendment, prohibits unreasonable searches and seizures by state officers." *New Jersey v. T.L.O.*, 469 U.S. 325, 334 (1985) (citing *Elkins v. United States*, 364 U.S. 206, 213 (1960)).  Generally, a warrantless search or seizure of personal property is unreasonable unless it falls within one of the established exceptions to the warrant requirement.  *United States v. Sanders*, 424 F.3d 768, 773 (8th Cir. 2005) ("[S]earches conducted without a warrant . . . are presumptively unreasonable, subject to a few specifically established exceptions."); *United States v. Lewis*, 864 F.3d 937, 943 (8th Cir. 2017) ("A warrantless seizure 'is per se unreasonable, unless the police can show that if falls within one of a carefully defined set of exceptions.") (quoting *Coolidge v. New Hampshire*, 403 U.S. 443 (1971)).  Voluntary consent is one such exception.  *Sanders*, 424 F.3d at 773 (consent to search); *PPS, Inc. v. Faulkner Cty., Ark.*, 630 F.3d 1098, 1102 (8th Cir. 2011) (consent to a seizure of personal property).

To be voluntary, consent must be "the product of an essentially free and unconstrained choice by its maker . . . rather than the product of duress or coercion, express or implied."  *United States v. Siwek*, 453 F.3d 1079, 1084 (8th Cir. 2006). Whether consent is voluntarily given depends on the totality of the circumstances and the following factors are considered:

---

[2] In response to Defendants' Motion Dortch stated "Blah Blah Blah Blah . . . We want our $5512.00 and we want it now."  ECF No. 30, Page ID 86.

> (1) the individual's age and mental ability; (2) whether the individual was intoxicated or under the influence of drugs; (3) whether the individual was informed of [her] Miranda rights; and (4) whether the individual was aware, through prior experience, of the protections that the legal system provides for suspected criminals.  It is also important to consider the environment in which an individual's consent is obtained, including (1) the length of the detention; (2) whether the police used threats, physical intimidation, or punishment to extract consent; (3) whether the police made promises or misrepresentations; (4) whether the individual was in custody or under arrest when consent was given; (5) whether the consent was given in public or in a secluded location; and (6) whether the individual stood by silently or objected to the search.

*United States v. Quintero*, 648 F.3d 660, 667 (8th Cir. 2011) (quoting *United States v. Golinveaux*, 611 F.3d 956, 959 (8th Cir. 2010)).

Based on the allegations in the Amended Complaint, Defendants had no warrant authorizing the search of Dortch's vehicle or the seizure of his $5,512.00, nor did they obtain Dortch's consent to do so.  Defendants' recitation of the "undisputed facts" in their brief states:

> 4.  [Dortch] was handcuffed and placed in an Omaha police cruiser.
>
> 5.   Before being transported to Omaha Police Headquarters for investigation, [Dortch] voluntarily advised the transporting officer, [ ] Shada, that he had a substantial amount of money in the center console of his vehicle, which was parked in the parking lot at Reinhart Foods, and asked that the officers retrieve the money and take it to Central Headquarters with them.

However, at the Rule 12(b)(6) stage, the Court must consider only the allegations in the Amended Complaint and treat them as true.  *Twombly*, 550 U.S. at 555-56.  The Amended Complaint alleges Defendants "did seize us bodily shackling – manacling us and putting us in cruiser *while* they illegally searched our vehicle and seized said our [$]5,512.00.  We *subsequently* to [sic] police Defendants 'we need the [$]5,512.00 in middle console.'"  Am. Comp., ECF No. 7, Page ID 20 (emphasis added).  Thus, Dortch

5

has alleged that Defendants searched his vehicle and seized his money before he subsequently requested it. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (Complaints filed by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers."). Therefore, the Court will not dismiss Dortch's Fourth Amendment claim because, based on the allegations in the Amended Complaint, Dortch did not consent to the search of his vehicle or the seizure of his $5,512.00.

## II. Fourteenth Amendment—Procedural Due Process

Defendants argue Dortch's procedural due process claim must be dismissed because he "has adequate remedies at law for the return of said property; and if [he] has not chosen to avail himself of said opportunities; that is not a deprivation of due process." Defs.' Br., ECF No. 28, Page ID 78. Thus, Defendants contend Dortch has adequate postdeprivation remedies for the return of his $5,512.00. This argument does not address Dortch's claim that he was denied procedural due process *prior to* Defendants' seizure of his property. *See Walters v. Wolf*, 660 F.3d 307, 314 (8th Cir. 2011) (distinguishing predeprivation and postdeprivation procedural due process claims).

"The Due Process Clause of the Fourteenth Amendment provides that '[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'" *Walters*, 660 F.3d at 311 (quoting U.S. Const. Amend. XIV, § 1).

> The [Supreme] Court [has] outlined the factors that a court must balance in determining what process is owed and when that process is due in order for a state to deprive an individual of his or her private property without running afoul of the Fourteenth Amendment:
>
> 'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the

6

procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'

*Walters*, 660 F.3d at 312 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). "Applying this test, the Supreme Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Walters*, 660 F.3d at 312 (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)).

Defendants argue Dortch's claim must be dismissed because he has adequate postdeprivation remedies available to him. However, "the availability of state law postdeprivation remedies bears relevance *only* where the challenged acts of state officials can be characterized as random and unauthorized." *Walters*, 660 F.3d at 314 (quoting *Coleman v. Watt*, 40 F.3d 255, 262 (8th Cir. 1994)). Defendants do not contend their seizure of Dortch's property was random or unauthorized. As such, whether Dortch has state law remedies available to him for the return of his $5,512.00 is irrelevant to his predeprivation-procedural-due-process claim. *Id*.; *see also Keating v. Neb. Pub. Power Dist.*, 562 F.3d 923, 929 (8th Cir. 2009) ("[I]t is not necessary for a litigant to have exhausted available *postdeprivation* remedies when the litigant contends that he was entitled to *predeprivation* process."). Therefore, the Court will not dismiss Dortch's claim based on this argument.

### III. Dortch's Various Motions

Dortch has asserted a Motion for Summary Judgment, ECF No. 18; an Objection to Order on Motion for Extension of Time to File Responsive Pleading, ECF No. 23; a Motion to Compel, ECF No. 24; three Motions to release and return funds, ECF Nos.

20, 25, & 26; and another Motion for Summary Judgment, ECF No. 31. The Court will summarily deny each of the foregoing motions.

The Motions for Summary Judgment, ECF Nos. 18 & 31, will be denied because they fail to show that there is no genuine dispute of material fact and that Dortch is entitled to judgment as a matter of law. The Objection to Order on Motion for Extension of Time to File Responsive Pleading, ECF No. 23, will be overruled because no part of Magistrate Judge Nelson's order was clearly erroneous or contrary to law under Fed. R. Civ. P. 72(a). The Motion to Compel, ECF No. 24, will be denied because discovery has not yet commenced and Dortch has not certified compliance with Fed. R. Civ. P. 26(a)(1). The Motions to release and return funds, ECF Nos. 20, 25, & 26, will be denied because they are not cognizable motions and the City of Omaha is in possession of the $5,512.00 at issue in this case, not the individual Defendants.[3]

Accordingly,

IT IS ORDERED:

1. The Motions, ECF Nos. 18, 20, 23-6, and 31, filed by Plaintiff Joshua Dortch, are denied;

2. The Motion to Dismiss, ECF No. 27, filed by Defendants Officer Shada, Officer Turner, and Officer Worley, is denied; and

3. The Defendants must file an answer to the Amended Complaint on or before April 12, 2018.

---

[3] Moreover, Dortch's filings acknowledge a letter sent by the City of Omaha to Dortch offering to return the money to him, but he has refused the offer. ECF No. 25, Page ID 68.

Dated this 30th day of March, 2018.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      Chief United States District Judge